UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIFFINEY JONES, | ) | CASE NO. 1:24-cv-619 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DICK'S SPORTING GOODS, INC., *et al.*, | ) | ORDER ADOPTING MAGISTRATE'S |
| | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | ON SANCTIONS |
| | ) | |

On June 6, 2025, Plaintiff Tiffiney Jones filed a motion for sanctions against Defendant Dick's Sports Goods, Inc. ("DSG") pursuant to Federal Rules of Civil Procedure 26(g), 37(b)(2), 37(e), and the Court's inherent authority ("Motion for Sanctions"). (ECF No. 51). Plaintiff moves for sanctions based on DSG's: (i) failure to preserve contemporaneous photos depicting the hazardous escalator step that injured Plaintiff on April 15, 2022; and (ii) misrepresentations about substitute photos taken twelve days after the incident. (*Id.* at PageID #1739–40). After DSG filed a response in opposition, (ECF No. 55), Magistrate Judge Rueben Shepard held a hearing on the Motion for Sanctions on July 7, 2025. (Minutes of proceedings [non-document] dated July 7, 2025).

On July 22, 2025, Magistrate Judge Shepard issued a report and recommendation ("R&R"). (ECF No. 60). Addressing sanctions under Rule 37(e)(2), Magistrate Judge Sheperd: (i) found that DSG did not act with the intent to deprive Plaintiff of the contemporaneous photos of the escalator; (ii) found that an adverse jury instruction was not warranted under Rule 37(e)(2); and (iii) recommended that the Court decline to make such an instruction. (*Id.* at PageID #2166). As

1

for sanctions under Rule 26(g), he recommended that the Court provide the following instructions at trial for the purpose of preserving fairness:

> During the depositions, the parties testifying were presented five photos of the scene as if they were contemporaneous and all taken on April 15, 2022. The two photos of the subject escalator and step were taken on April 27, 2022, 12 days after the alleged injury was suffered, and do not depict the condition of the escalator or step at the time of the alleged injury. DSG has not produced any contemporaneous photos of the escalator or step in question.

(*Id.* at PageID #2170).

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to a Magistrate Judge's R&R within 14 days after service. The R&R also gave the parties notice of the 14-day time limit for filing objections. (ECF No. 60, PageID #2171). The 14-day deadline elapsed on July 5, 2025, without either party having filed any objections to the R&R.

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the R&R to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt a R&R without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985).

There being no objections, the Court **ADOPTS** Magistrate Judge Sheperd's R&R (ECF No. 60) and incorporates it fully herein by reference. The Motion for Sanctions (ECF No. 51) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent that the Court will provide curative instructions about the escalator photos pursuant to Rule 26(g) at trial. The motion is otherwise **DENIED**.

IT IS SO ORDERED.

Date: August 6, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**